UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 2:16-cr-93-FtM-99MRM

CARLOS CHAVEZ ARTEGA
                                                     /

**<u>ORDER</u>**[1]

This matter is before the Court on the United States' Motion for Revocation of the Magistrate Judge's Order Granting Conditions of Release (Doc. #12) filed on October 5, 2016. Defendant Carlos Chavez Artega has filed a Response to Government's Motion for Revocation (Doc. #15). Thus, the Government's motion is ripe for review.

**BACKGROUND**

Defendant Artega, an illegal alien, faces six charges associated with falsely using his minor son's Social Security number in order to work and live in the United States.[2] (Doc. #1). At his detention hearing, United States Magistrate Judge Carol Mirando denied the Government's motion for pretrial detention and set conditions for Defendant's pretrial release. (Doc. #9; Doc. #10). Defendant was released on a $50,000.00 unsecured bond and placed in the third-party custody of Ernesto Hernandez, Defendant's neighbor. (Doc. #10). The Government's request for electronic monitoring was also denied. Unhappy

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Defendant's wife was indicted on the same day for similar violations. *See United States v. Castedo-Ortiz*, No. 2:16-cr-95-FtM-99CM.

with this outcome, the Government moves to revoke Defendant's pretrial release. (Doc. #12).

## DISCUSSION

Upon the Government's motion, the district court is permitted to review a magistrate judge's release order. See 18 U.S.C. § 3145(a)(1). In doing so, the district court should conduct an independent review of all the evidence put forth at the hearing before the magistrate judge and consider the § 3142(g) factors to determine whether detention is appropriate. See *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).

The court's inquiry into the necessity of pretrial detention is guided by the Bail Reform Act, 18 U.S.C. § 3142. Specifically, the court examines whether there are any conditions or combination of conditions that reasonably will assure the appearance of the defendant as required, as well as the safety of any other person and the community. See 18 U.S.C. § 3142(e). A finding that the defendant is either a flight risk or a danger to the community is sufficient to detain the person pending trial. See *King*, 849 F.2d at 488. In making this decision, the court considers the following § 3142(g) factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by defendant's release. Here, the Magistrate Judge found Defendant not be a flight risk based on those factors. The Court disagrees.

The Court finds that a preponderance of the evidence shows that Defendant is a flight-risk. See *King*, 849 F.2d at 488-89. Defendant is a Bolivian national whose American temporary visitor visa had expired sixteen (16) years ago. The weight of the

evidence against Defendant shows that, for more than one year and on at least three different occasions, he used his son's Social Security number in order to work in the United States and open lines of credit.  And it is reasonable to assume that Defendant knew that he was falsely representing himself as a United States citizen given his unlawful immigration status.  Defendant appears to have had no reservations about misusing his son's United States citizenship in a self-serving manner.  Defendant's actions show that he was willing to go to great lengths in order to stay in this county – including pinching his son's identity.

Moreover, Defendant faces impending, but certain, deportation to Bolivia.  As does his wife.  In fact, both he and his wife are facing federal criminal charges giving him (and her) a strong incentive to flee.  Although Defendant and his wife have resided in Florida for roughly eight years, this does not mean that they would not relocate to another state.  Defendant's incentive to flee is further heighted by the fact that he has no financial ties to the Middle District of Florida – he rents the apartment he resides in with his family and is not eligible to work.  This illustrates to the Court that Defendant can leave this district with minimal recourse.

Next, the Court finds Mr. Hernandez to be inadequate as a third-party custodian.  Although Mr. Hernandez is a close family friend, he would not agree to Defendant residing with him as a condition of Defendant's release.  Defendant and his family merely live next door to Mr. Hernandez, who regularly works as a local truck driver.  Mr. Hernandez also has no collateral that he can forfeit if Defendant were to abscond.  Under these circumstances, Mr. Hernandez ability to supervise Defendant pending his trial is tenable at best.

In considering all of the above together, the Court finds that it cannot fashion any condition or combination of conditions of bond that will assure the Defendant's appearance at future Court proceedings and therefore, revokes the Magistrate Judge's Order releasing Defendant on an unsecured bond.

Accordingly, it is now

**ORDERED:**

1. The United States' Motion for Revocation of the Magistrate Judge's Order Granting Conditions of Release (Doc. #12) is **GRANTED**.

2. United States Magistrate Judge Mirando's Order releasing Defendant Carlos Chavez Artega (Doc. #10) is **REVOKED**.

3. Defendant Carlos Chavez Artega is **REMANDED** to the custody of the United States Marshals Service and ordered detained pending further proceedings. Counsel is to immediately advise the Defendant of this Court's Order.

4. Defendant Carlos Chavez Artega is **DIRECTED** to turn himself in to the United States Marshals Office located at the United States Courthouse and Federal Building, Fort Myers, Florida, on or before **Wednesday, October 19, 2016, at 12:00 p.m.**

**DONE AND ORDERED** at Fort Myers, Florida, this 18th day of 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

4